IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **REGIONAL FINANCE CORPORATION OF TEXAS D/B/A/ REGIONAL FINANCE,** § § § § § **Plaintiff,** § § Civil Action No: 7:23-cv-00391 **v.** § § **MARTINA A. MEDINA,** § § § **Defendant.** § | |

## REGIONAL FINANCE CORPORATION OF TEXAS'S PETITION TO CONFIRM DOMESTIC ARBITRATION AWARD

Plaintiff Regional Finance Corporation of Texas ("Regional Finance"), by and through its attorneys, files this Petition to Confirm the Arbitration Award in accordance with 9 U.S.C.§ 9 of the Federal Arbitration Act against Martina A. Medina ("Medina") and states as follows:

1. Defendant is Martina A. Medina; Plaintiff is Regional Finance Corporation of Texas.

### PARTIES, JURISDICTION AND VENUE

2. Defendant is a Texas citizen and may be served at 237 W. 3rd Street, La Joya, Texas 78560 or wherever she may be found.

3. Plaintiff is a corporation organized under the laws of the state of Texas with its principal place of business located at 979 Batesville Road, Suite B, Greer, South Carolina.

4. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 9, in that this is an arbitration under the Federal Arbitration Act.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred; and pursuant to 9 U.S.C. §9, because the parties' arbitration agreement specified this judicial district as the proper venue for enforcement of the award.

## INTRODUCTION

6. This is an action to confirm a final arbitration award entered in favor of Regional Finance and against Medina pursuant to the 9 U.S.C. § 1 *et seq.*

7. On October 22, 2022, Medina filed a demand with the American Arbitration Association pursuant to the contract between the parties. Medina alleged violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, invasion of privacy, and trespass to chattels in connection with Regional Finance's attempts to collect the alleged debt. Regional Finance filed counterclaims against Medina for breach of contract for her alleged default on the loan subject to the contract between the parties.

8. An arbitration hearing was held via Zoom on August 2, 2023 before Arbitrator Catherine M. Stone. The arbitrator entered a final arbitration award ("Final Award") in favor of Regional Finance on September 5, 2023 finding Medina failed to meet her burden to prove Regional Finance violated the TDCA, invaded her privacy, or trespassed to her chattel. A true and correct copy of the final award is attached as **Exhibit A.** In addition, the arbitrator found Medina breached the contract and was liable to Regional Finance for the payoff amount for the loan. The arbitrator ordered Medina recover nothing and Regional Finance to recover $3,046.90 from Ms. Medina plus post-judgment interest at the maximum legal rate permitted by Chapter 304 of the Texas Finance Code, from the date of the award until paid. Finally, the arbitrator ordered administrative fees of $2,400.00, compensation of the arbitrator totaling $2,500.00, and all other costs to be borne as they were incurred by the Parties.

9. Regional Finance seeks an order from this Court under the Federal Arbitration Act 9 U.S.C. § 9, confirming the arbitration award dated September 5, 2023 rendered in an arbitration, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## STANDARD OF REVIEW

10. A court's review of the arbitration process is severely limited. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S.29, 36-38 (1987); *see also Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004) (stating that judicial review of arbitration decisions is "extraordinarily narrow").

## ARGUMENT

11. On a timely filed motion to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct, or vacate the award. 9 U.S.C. §§9, 13.

12. A motion to confirm a domestic arbitration award must be filed within one year after the award is made. 9 U.S.C. §9. In this case, the award was issued on September 5, 2023, and Regional Finance filed this motion on November __, 2023. Therefore, this motion was timely filed.

13. An arbitration award must be confirmed when the parties have provided in the arbitration agreement that a judgment will be entered on the arbitration award. 9 U.S.C. §9. In this case, the parties entered into an arbitration agreement on April 25, 2022. A copy of the arbitration agreement is attached as **Exhibit B**. *See* Ex. B, p. 6. An award was issued on September 5, 2023 and ordered Ms. Medina recover nothing and Regional Finance to recover a total of $3,046.90 from Medina plus post-judgment interest.

14. Although there is no specific paragraph providing that a judgment will be entered on the arbitration award, the agreement sufficiently confers authority on the Court to confirm the award. The arbitration provision states "[t]he FAA governs this Clause." The Federal Arbitration Act directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected. 9 U.S.C. §9. Thus, this sufficiently evidences the intent to confer authority on the Court to confirm the award.

## CONCLUSION & PRAYER

For the foregoing reasons, Regional Finance Corporation of Texas, asks the Court to confirm the Final Award rendered by Arbitrator Catherine M. Stone, and for all additional relief to which it is entitled.

Respectfully submitted,

By: */s/ Melissa Vest*
**Melissa Vest**
State Bar No. 24096002
BAKER, DONELSON, BEARMAN,
CALDWELL & BEARMAN, PC
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: 713.650.9700
Facsimile: 713.650.9701
mvest@bakerdonelson.com

***Attorneys for Plaintiff Regional Finance Corporation of Texas***