**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **REGIONAL FINANCE** | § | |
| **CORPORATION OF TEXAS D/B/A/** | § | |
| **REGIONAL FINANCE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No: 7:23-cv-00391** |
| **v.** | § | |
| | § | |
| **MARTINA A. MEDINA,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**PLAINTIFF REGIONAL FINANCE CORPORATION OF TEXAS'S
MOTION FOR DEFAULT JUDGMENT**</u>

Pursuant to Federal Rule of Civil Procedure §55(b), Plaintiff Regional Finance Corporation of Texas d/b/a Regional Finance ("Regional Finance") files this Motion for Default Judgment against Defendant Martina A. Medina ("Medina").

## I.    BACKGROUND

1. On October 22, 2022, Medina filed a demand with the American Arbitration Association pursuant to a contract between the parties. Medina alleged three causes of action against Regional Finance in connection with Regional Finance's attempts to collect amounts due under a loan agreement between the parties. In response, Regional Finance filed counterclaims against Medina for breach of contract for her alleged default under the loan agreement.

2. An arbitration hearing was held via Zoom on August 2, 2023. The arbitrator entered a final arbitration award ("Final Award") in favor of Regional Finance on September 5, 2023, finding Medina failed to meet her burden to prove all three of her claims.[1] In addition, the arbitrator

---

[1] *See* **Exhibit A**: Final Award.

found Medina breached the contract and was liable to Regional Finance for the payoff amount for the loan.[2] The arbitrator ordered Medina recover nothing and Regional Finance to recover $3,046.90 from Medina plus post-judgment interest at the maximum legal rate permitted by Chapter 304 of the Texas Finance Code, from the date of the award until paid.[3]

3.      On November 7, 2023, Regional Finance filed its Petition to Confirm Domestic Arbitration Award (the "Petition") seeking a court order confirming the Final Award, entry of judgment pursuant to 9 U.S.C. § 9 and §13 and enforce the $3,046.90 judgment against Medina.[4]

4.  On November 11, 2023, Medina was served with a copy of the Summons and Petition via personal service.[5] Medina's response to the Petition was due December 2, 2023.[6] To date, Medina has not filed a responsible pleading or otherwise defend this lawsuit.

5.      When Medina failed to make an appearance whatsoever in the present litigation, Regional Finance requested an Entry of Default from the Clerk's office on January 12, 2024.[7] On January 16, 2024, the Court ordered the Clerk to enter default against Medina.[8] The Clerk subsequently entered an entry of default against Medina on January 16, 2024.[9] Regional Finance has filed this Motion as a result of the Entry of Default and Medina's failure to appear to enforce the Final Award.

## II.    ARGUMENTS & AUTHORITIES

6.      Federal Rule of Civil Procedure 55(b) authorizes Court to enter a default judgment.[10] Before default judgment can be entered, a plaintiff must submit evidence supporting

---

[2] *Id.*
[3] *Id.*
[4] *See* Petition [Doc. 1].
[5] *See* Return of Service [Doc. 5].
[6] FED. R. CIV. P. § 12(c).
[7] *See* Plaintiff's Request for Entry of Default [Doc. 8].
[8] *See* Order on Request for Entry of Default [Doc. 9].
[9] *See* Clerk's Entry of Default [Doc. 10].
[10] FED. R. CIV. P. 55(b)(2).

that the defendant has been properly served and has not made an appearance in the suit.[11] However, the process of obtaining a default judgment is a "two-step process" which requires the plaintiff to (1) "establish his entitlement to the relief he seeks" through an entry of default with the clerk and then (2) move for default judgment.[12] After an entry of default has been obtained, the plaintiff may obtain a default judgment.[13]

7.      Pursuant to Federal Rule of Civil Procedure 55(b), Regional Finance requests the Court render a default judgment against Medina as she has failed to appear altogether in the present case. Medina was personally served with a copy of the Summons and Complaint on November 11, 2023.[14] As such, her deadline to appear or otherwise respond to the Complaint was on December 2, 2023.[15] However, Medina has failed to make an appearance as of present date. As such, Medina has taken no action as it pertains to the suit.

8.      Regional Finance has given Medina every opportunity to make an appearance in this case and has no other viable alternative to enforce the Final Award other than filing the present Motion. Accordingly, Regional Finance has complied with all procedural requirements for obtaining a default judgment against Medina. Regional Finance has both properly served Medina via personal service,[16] waited for Medina to make an appearance in the case, and—after Medina's failure to appear—sought and obtained an entry of default with the Clerk.[17]

9.      Regional Finance seeks to recover the amount of the Final Award against Medina—$3,046.90 plus the maximum amount of post-judgment interest under Chapter 304 of the Texas

---

[11] FED. R. CIV. P. 55(a).; *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).
[12] *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).
[13] FED. R. CIV. P. 55 (b)(2).
[14] Return of Service [Doc. 5].
[15] FED. R. CIV. P. 12 (providing a twenty-one-day deadline for a defendant to appear following proper service of process).
[16] Return of Service [Doc. 5].
[17] *See* Plaintiff's Request for Entry of Default [Doc. 8]; Order on Request for Entry of Default [Doc. 9]; Clerk's Entry of Default [Doc. 10].

Finance Code from September 5, 2023.[18]  Post-judgment interest accrues at the rate posted by the consumer credit commissioner, on the 15th day of each month for the succeeding month, which rate in turn, is based on the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation.[19] The post-judgment interest rate for September 2023 was 8.5%.[20]

10.  Moreover, Medina is clearly not a minor or incompetent. Medina was the party who initiated the arbitration which resulted in the Final Award. To Regional Finance's knowledge, Medina's status has not changed since the Final Award was rendered.

11.  Medina is also not in military service.[21]

### III.    CONCLUSION & PRAYER

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 55, Regional Finance requests the Court render a default judgment against Defendant, Martina A. Medina, and enforce the Final Arbitration Award in the amount of $3,046.90 plus post-judgment interest at 8.5%.

---

[18] **Exhibit A**: Final Award.
[19] *See* Tex. Fin. Code § 304.003.
[20] **Exhibit B**: Interest Rates published by the Texas Office of Consumer Credit Commissioner.
[21] **Exhibit C**: Servicemembers Affidavit.

Respectfully submitted,

By: */s/ Melissa Vest*

**Melissa Vest**
Fed. ID No.: 3208933
Texas Bar No. 24096002
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile
mvest@bakerdonelson.com

*Attorney for Plaintiff Regional Finance
Corporation of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, a true and correct copy of the foregoing was served on all parties in the above matter, pursuant to the Federal Rules of Civil Procedure.

Martina A. Medina
237 W. 3rd Street
La Joya, Texas 78560
VIA CMRRR No. 7022 3330 0000 7770 1169
And First Class Mail

By: */s/ Melissa Vest*
Melissa Vest